PAUL K. CHARLTON
United States Attorney
District of Arizona
ERIC MARKOVICH
Assistant U.S. Attorney
Evo A. DeConcini Federal Courthouse
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Eric.Markovich@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> **Ana Marie Honeycutt,** <br><br> Defendant. | **PLEA AGREEMENT** <br><br> CR 05-2039-TUC-DCB(GEE) |

The United States of America and defendant agree to the following disposition of this matter:

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a felony violation of Title 18, United States Code, Sections 371 and 1029, Conspiracy to Commit an Offense Against the United States, specifically, Fraud in Connection with Access Devices.

2. The essential elements of the charge to which the defendant is pleading guilty are that the defendant:

   (a) knowingly or intentionally agreed with another person to;

   (b) fraudulently produce, use, and traffic in one or more counterfeit access device; and

   (c) an overt act was committed in furtherance of this offense.

## TERMS

3. The defendant understands that this guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

a. A violation of Title 18, United States Code, Sections 371 and 1029 is punishable by a fine of $250,000.00, a term of 5 years imprisonment, or both, and a period of not more than three (3) years supervised release.

b. Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment.

c. Pursuant to 18 United States Code, Section 3013, the defendant shall pay a special assessment of $100.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Agreements Regarding Sentence

4. Pursuant to Fed. R. Crim. P. 11(c)(1)(c), in exchange for defendant's guilty plea to Count 1 of the Indictment, the parties stipulate and agree to a sentencing range of 0-18 months incarceration. This agreement is based on the defendant's past and continued cooperation pursuant to U.S.S.G. §5K1.1.

Defendant also agrees to be held jointly and severally liable for restitution not to exceed $5500.00.

5. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11, an opportunity to withdraw the guilty plea.

6. The defendant and the government agree that this agreement does <u>not</u> in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

### Agreement as to Forfeiture

Defendant, **Ana Marie Honeycutt**, agrees to abandon and relinquish any and all right, title and interest he may have in the following property:

| Make | Model | Serial Number |
|---|---|---|
| Sony Computer | Vaio PCV-1142 | 3011902 |
| Sony Computer | Vaio PCV-21L | 3010836 |
| Gateway Computer | 510S | 1099983467 |
| PC-Clone Computer | None | None |
| Toshiba Computer | Satellite P25-S526 | 6435667K |
| Powermac G4 Computer | M8493 | XB13616FKSD |
| Apple IMAC Computer | M5521 | RN0310NMJVA |
| Hewlett Packard Computer | Pavillion 4550Z | US93321105 |
| Hewlett Packard Computer | Pavillion 6746C | KR03926704 |
| Hewlett Packard Computer | Pavillion a844n | MXK50522WY |
| Apple 12" powerbook Computer | | UV4370AUPLH |
| Compaq Computer | Presario R3000 | CND4471303 |
| Compaq Computer | Presario R3000 | CND44308XR |
| LG-Side by Side Refrigerator | | 404KRQW01188 |
| Pioneer Flat Panel Plasma | PDP504PU | DLPM007687UC |
| Pioneer Speakers (1 Pair) | | DJAT031251EV |
| Pioneer Media Receiver | PDPR04U | DKTC035513NK |
| Toshiba DVD Player | SD5970SU | PL14Y04321 |
| Yamaha Receiver | HTR-5790 | Y143334UW |
| Monster Component Power Center | HTS 3500 MKII | 02041104535 |
| Monster Power Bar | MPB100 | |
| Monster Video Component Cables (THX) | None | None |
| Klipsch Speakers (2) | SF3 Black | SF3MC–04170924<br>SF3MC–04170923 |
| Klipsch Speaker (1) | SC3 Black | SC3----03520022 |
| Klipsch Speaker (2) | SS1 Black | SS1++++03250784 |
| Klipsch Subwoofer (1) | KSW12 Black | KSW12++04200219 |
| Klipsch Synergy S-2 Surround System (5) Speakers), Black | None | S2SSBK+04440461<br>S2SSBK+04420088 |
| Klipsch Subwoofer (1) | KSW12 Black | KSW12++0440605 |
| Klipsch Subwoofer (1) | KSW12 Black | KSW12++04470994 |
| Yamaha Remote Control | RAV250 | |
| Toshiba Remote Control | SE-R0141 | |

3

| Harmony Remote Control | 676 |
| Yamaha Remote Control | 238 |

which are subject to forfeiture pursuant to Title 18, U.S.C., Section 982(a)(2)(B). Defendant agrees not to file a claim to the listed property in any administrative, civil or criminal judicial proceeding which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this asset and agrees not to file a claim in that forfeiture proceeding.

Defendant knowingly and voluntarily waives all constitutional, legal and equitable defense to the forfeiture of the asset in any proceeding. Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory and agree to waive any claim or defense under the Eighth Amendment to the United States constitution, including any claim of excessive fine, to the forfeiture of the asset by the United States.

### Waiver of Defenses and Appeal Rights

7.   The defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the Indictment or to the Court's entry of judgment against defendant and imposition of sentence upon defendant consistent with the agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment; (2) any right to appeal the imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255.

### Reinstitution of Prosecution

8.   If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment

to the Constitution as to the delay occasioned by the later proceedings.

### Disclosure of Information to U.S. Probation Office

9. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

   a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines;

   b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution;

   c. All history of drug abuse which would warrant a treatment condition as part of sentencing; and

   d. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### Effect on Forfeiture Proceedings

10. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

11. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven

guilty beyond a reasonable doubt, and to appeal.

12. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

13. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

14. My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guideline range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

15. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

16. I am satisfied that my defense attorney has represented me in a competent manner.

17. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

Between September 2003 and June 2005, the defendants named in this indictment were involved in a criminal conspiracy the purpose of which was to commit, and assist in the commission of, a wide variety of criminal activities, including the electronic theft of personal identifying information relating to credit and debit card accounts, the perpetration of credit and debit card fraud, and the laundering of a portion of the proceeds of this criminal activity to foreign countries.

It was part of the conspiracy that the defendants and their co-conspirators solicited and were supplied with credit and debit card account information of United States banking customers from suppliers located in foreign countries.

It was a further part of the conspiracy that the defendants and their co-conspirators formatted and encoded the stolen credit and debit card numbers and associated personal identification numbers onto plastic cards with magnetic strips, thereby creating counterfeit credit and debit cards.

It was a further part of the conspiracy that the defendants and their co-conspirators used these counterfeit cards to withdraw money from ATMs and ACMs in and around Tucson, Arizona.

It was a further part of the conspiracy that the defendants and their co-conspirators wire transferred a percentage of the proceeds of the fraudulent ATM and POS transactions to the suppliers in the following foreign countries: Vietnam, Pakistan, Jordan, Egypt, Philippines, Macedonia, Romania, Estonia, Kosovo, Canada, Russia, United Kingdom, Panama, Morocco, Lebanon, Mexico, Australia, Lithuania, and France.

The defendant's specific role in this conspiracy was as follows. Between on or about December 24, 2004, and on or about February 7, 2005, defendant **Ana Marie Honeycutt**, sent approximately five (5) wire transfers totaling $5,500.00 from the United States to a place outside of the United States, that is, to the overseas suppliers of the stolen credit and debit card information. These funds sent via wire transfer represented a portion of the funds fraudulently withdrawn from ATM/ACM machines around Tucson, Arizona.

12/13/06
Date

Ana Marie Honeycutt
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances,

promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P.

12/13/06
Date

Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

12/13/06
Date

Eric Markovich
Assistant U.S. Attorney